**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mohammad A.,[1]

        Petitioner,

v.

U.S. Immigration and Customs
Enforcement, Administrator Sherburne
County Jail, and ICE Field Office
Director,

        Respondents.

Case No. 26-CV-1585 (JRT/JFD)

**REPORT AND**
**RECOMMENDATION**

---

This matter is before the Court on Mohammad A.'s petition for a writ of habeas

corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner is subject to a final order of removal

issued in 2002. He was placed in immigration detention in 2011 but was released in 2012

under an order of supervision. On December 11, 2025, U.S. Immigration and Customs

Enforcement ("ICE") re-detained Petitioner pursuant to a warrant. Petitioner is currently

detained at the Sherburne County Jail. He argues that his detention is unlawful and asks for

immediate release. Respondents oppose the petition. As set forth below, the Court finds

that ICE did not comply with 8 C.F.R. § 241.13(i) in revoking Petitioner's release and

therefore recommends that the petition be granted.

---

[1] This District has adopted a policy of using only the first name and last initial of any
nongovernmental parties in immigration cases.

## I.    Background

Petitioner is a citizen of Afghanistan, who entered the United States as a refugee in 1982. (Patrin Decl. ¶¶ 4–5, Dkt. No. 5.) He was ordered removed from the United States on September 30, 2002, after being convicted of an aggravated felony. (*Id.* ¶¶ 8–9.) ICE detained Petitioner in 2011 upon his release from the Georgia Department of Corrections. (*Id.* ¶ 12.) On March 21, 2012, Petitioner was released from ICE custody under an order of supervision. (*Id.* ¶ 15.)

As part of Operation Metro Surge, an ICE officer arrested Petitioner on December 11, 2025. (*Id.* ¶ 17 & Ex. C.) Deportation Officer B. Davis attempted an informal interview on December 12, 2025, pursuant to 8 U.S.C. § 241.4(l) and § 241.13(i), ostensibly to allow Petitioner "an opportunity to respond to the reasons for revocation of his . . . order of supervision stated in the notification letter." (Patrin Decl. Ex. D.) A Notice of Revocation of Release ("Notice") dated December 16, 2025—which was five days *after* Petitioner's arrest and four days *after* the interview—notified Petitioner that his order of supervision had been revoked. (Patrin Decl. Ex. E.) The Notice stated that "ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future in your case," that Petitioner "had not been compliant with the terms of [his] release," and "due to changes in circumstances, ICE will pursue new efforts to remove [him] to Afghanistan." (Patrin Decl. Ex. E.) The Notice did not say what circumstances had changed or how Petitioner had not complied with the terms of his release.

ICE submitted a Travel Letter Request to the Afghanistan Embassy on January 26, 2026. (Patrin Decl. ¶ 12.) As of February 25, 2026, the request remained pending. (Patrin

2

Decl. ¶ 22.) Deportation Officer Patrin's declaration did not say whether Afghanistan is cooperating with ICE to issue travel documents.

Petitioner filed his habeas petition on February 23, 2026. He raises four grounds for relief: (1) he has protected asylum status; (2) he is missing chemotherapy appointments for cancer treatment; (3) he is being held in detention unlawfully, especially considering that ICE has been unsuccessful in previous efforts to deport him, and he has no known or obtainable records from Afghanistan; and (4) he has fully complied with release conditions. (Pet. at 6–7.) Petitioner asks for immediate release. Respondents ask the Court to deny the petition because Petitioner has not yet been in custody for six months, and his detention is presumptively reasonable. Respondents also contend that Petitioner's release was properly revoked pursuant to 8 C.F.R. § 241.13(i). (Fed. Resp'ts' Resp. at 7, Dkt. No. 4.)

## II.    Discussion

Pursuant to 28 U.S.C. § 2241, federal courts have jurisdiction to order the release of a person held in the custody of the United States in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This authority includes the release of detained noncitizens when ICE fails to follow its own regulations. *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 165–66 (W.D.N.Y. May 2, 2025) (finding that ICE failed to comply with 8 C.F.R. § 241.4 and granting the detainee's § 2241 habeas petition); *see Rombot v. Souza*, 296 F. Supp. 3d 383, 387 (D. Mass. 2017) (finding that ICE failed to comply with 8 C.F.R. §§ 241.13 and 241.4 and ordering the detainee's release). "An agency must . . . follow its own regulations." *Mohammed H. v. Trump*, No. 25-CV-1576 (JWB/DTS), 2025

3

WL 1334847, at *6 (D. Minn. May 5, 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954); *Webster v. Doe*, 486 U.S. 592, 602 n.7 (1988)).

Title 8 C.F.R. § 241.13 governs ICE's determination of whether there is a significant likelihood of removing an individual from the United States in the reasonably foreseeable future. The regulation includes procedures for releasing an individual under conditions and also procedures for revoking that release. 8 C.F.R. § 241.13(h)–(i). Subsection (i) authorizes revocations of release in two circumstances: (1) if the individual violates his release conditions or (2) "if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future" 8 C.F.R. § 241.13(i)(1), (2). The procedures applicable to the two types of revocation are the same. Of particular relevance here, the individual "will be notified of the reasons for revocation"; ICE must promptly conduct an initial informal interview to allow the individual "to respond to the reasons for revocation stated in the notification"; the individual may submit supporting evidence and information to rebut the reasons for revocation; and ICE must evaluate contested facts and determine whether the facts warrant revocation of release. 8 C.F.R. § 241.13(i)(3).[2]

---

[2] Although Petitioner did not refer specifically to 8 C.F.R. § 241.13(i) in his petition, he alleged that he is being detained unlawfully, that ICE has been unsuccessful in its efforts to deport him in the past, that he has no known or obtainable records from Afghanistan, and that he complied fully with his release conditions. Granting the petition a liberal construction, these assertions imply that ICE wrongfully revoked his release, that no circumstances changed, that there is not a significant likelihood of removal in the reasonably foreseeable future, and that Petitioner did not violate a condition of release. *See* 8 C.F.R. § 241.13(i)(1)–(2). Moreover, Respondents clearly understood Petitioner to have raised this argument, given their discussion of 8 C.F.R. § 241.13(i) in response to the petition. (Resp'ts' Resp. at 6–7.)

4

In this case, the Notice informed Petitioner that "changed circumstances" led ICE to determine there was "a significant likelihood of removal in the reasonably foreseeable future"—but the Notice did not inform Petitioner what the changed circumstances were. The Notice simply mirrored the language of § 241.13(i)(2). Simply to say that circumstances had changed or there was a significant likelihood of removal in the foreseeable future is not enough. Petitioner must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition, as allowed under § 241.13(i)(3). *See Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 780, 787 (D. Minn. 2025). In other words, ICE must provide the specific facts that created a change in circumstances. *Id.* at 783.

Similarly, the Notice informed Petitioner that he had "not been compliant with the terms of [his] release," but it did not describe the supposed noncompliance or provide specific supporting facts. ICE must notify a noncitizen of the reasons for revoking release, whether the revocation is due to changed circumstances or a violation of conditions. *See* 8 C.F.R. § 241.13(i)(3).

Finally, even if the Notice had informed Petitioner what circumstances had changed, why there was now a significant likelihood of removal, or how he had not complied with the terms of his release, the Notice was dated (and presumably issued) five days *after* his arrest and four days *after* his interview. Therefore, the Notice could not have notified Petitioner of the reasons for revocation in time for him to respond to the reasons and submit evidence in opposition at the informal interview.

In light of the foregoing, the Court recommends that the petition for writ of habeas corpus be granted and that Petitioner be released subject to the conditions in his previous order of supervision. *See Sarail A.*, 803 F. Supp. 3d at 785. The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and Recommendation and for filing responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Mohammad A.'s petition for a writ of habeas corpus (Dkt. No. 1) be **GRANTED** in that Petitioner be released from custody, subject to the conditions in his prior order of supervision;

2. Respondents be ordered to immediately release Petitioner Mohammad A. from custody; and

3. Respondents be ordered to file a notice confirming such release within 24 hours of the date of any order adopting this Report and Recommendation.

Dated: March 2, 2026

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a*

6

*different deadline.*" (Emphasis added.) **The Court modifies the deadline such that objections are due on or before <mark>March 4, 2026</mark>. Responses to objections are due on or before <mark>March 5, 2026</mark>.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).